IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>ROBERT KYLE REED,<br><br>           Defendant. | CR 21-95-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 47.)

On April 2, 2024, the Court conducted the final revocation hearing. Defendant admitted Violations Nos. 1-3, and denied Violation Nos. 4-6. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 3 months imprisonment, followed by 33 months of supervised release.

**I.**     **Background**

In November 2022, Defendant pled guilty to the offense of possession of fentanyl with intent to distribute. (Doc. 31.) On June 28, 2022, the Court sentenced him to 24 months imprisonment, to be followed by 3 years supervised

1

release.  (Doc. 39.)  Defendant began serving his term of supervised release on June 26, 2023.

On December 29, 2023, the United States Probation Office filed the petition now at issue.  (Doc. 42.)  The petition alleges that Defendant violated three conditions of supervised release, providing a brief explanation of each violation.  *Id*.  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 43.)

On February 17, 2024, the United States Probation Office filed an amended petition, adding three additional alleged violations.  (Doc. 44.)

Defendant was arrested on the warrant, and made an initial appearance on March 15, 2024.  (Doc. 48.)

## II.     **Final Revocation Hearing**

Defendant appeared at the revocation hearing on April 2, 2024.  The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence.  After consenting to proceed, Defendant admitted Violation Nos. 1-3, and denied Violation Nos. 4-6.  The United States then moved to dismiss Violation Nos. 4-6.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is I, and the underlying offense is a class B felony. Under those circumstances, the statutory maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines call for 3-9 months incarceration. Defendant could also be sentenced to as much as 60 months supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 6 months incarceration, with supervised release to follow. Defendant's counsel requested a sentence of 3 months incarceration, with supervised release to follow.

## III. <u>Analysis</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 3 months imprisonment, followed by 33 months supervised release. No circumstances warrant a departure from the guideline range.

In determining the sentence to be imposed, the Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a), and makes the following findings. First, with regard to the nature and circumstances of the violations and Defendant's history and characteristics, Defendant had a criminal history category I at the time of sentencing for the underlying offense. He began his term of

supervision in June 2023, and was initially compliant with the terms of supervised release. Defendant maintained communication with his supervising officer, reported when required, and was compliant with testing requirements. In December 2023, however, Defendant fell off track. He stopped contacting his supervising officer, left sober living, and essentially absconded from supervision. The Court finds absconding from supervision is a serious violation, warranting revocation of supervised release.

Second, as to affording adequate deterrence and protecting the public from further crimes, the Court finds a custodial sentence is necessary in these circumstances to provide deterrence from future violations.

Third, with regard to needed educational, vocational, or other correctional treatment, a term of supervised release following Defendant's incarceration is necessary to provide him with needed mental health and substance abuse treatment. A term of supervision release will also provide a level of protection for the public while Defendant is on supervision.

After considering all of these factors, and in recognition of Defendant's lack of serious prior criminal history, that this is his first violation of supervised release, and that he has demonstrated that he is capable of being complaint on supervision over a period of several months, the Court concludes a custodial term at the low end of the guideline range of 3 months, followed by 33 months of supervised

release is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553.

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of his supervised release that he must follow the instructions of the probation officer related to the conditions of supervision, as alleged in Violation No. 1.

2. Defendant violated the condition of his supervised release that he live at a place approved by the probation officer, and must notify the probation officer of any changes in living arrangements, as alleged in Violation No. 2.

3. Defendant violated the condition of his supervised release that he must report to the probation officer as instructed, as alleged in Violation No. 3.

Accordingly, **IT IS RECOMMENDED** that:

1. Violation Nos. 4-6 should be dismissed.

2. The Court should revoke Defendant's supervised release and sentence Defendant to 3 months imprisonment, followed by a 33-month term of supervised release.

3. The Defendant be ordered to comply with the mandatory and standard conditions of supervision, which were previously imposed by the Court, as well as the following special conditions:

1. You must not engage in any gambling or wagering activity of any kind, whether online, over the telephone, or in person, and must not enter any casino or other place of business where gambling is the primary service offered.

2. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

3. You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

4. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

5. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually

during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

6. You must participate in and successfully complete an outpatient program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

7. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

8. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

9. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

10. You must utilize one primary physician and one pharmacy to prescribe, dispense, and monitor all necessary prescription medication. If you have a valid prescription, you must follow the instructions on the prescription. You must notify any treating physician or facility of a history of substance abuse. You must allow third-party disclosure to any treating physician or facility regarding any history of substance abuse.

11. You must comply with all child support obligations and/or pay child support as ordered.

/ / /

/ / /

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 2nd day of April, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge