IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  21–95–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ROBERT KYLE REED, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Timothy J. Cavan's

Findings & Recommendations Regarding Revocation of Supervised Release.

(Doc. 55.)  Because neither party objected, they are not entitled to *de novo* review.

28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

Cir. 2003).  Therefore, the Court reviews the Findings and Recommendation for

clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite

and firm conviction that a mistake has been committed."  *United States v. Syrax*,

235 F.3d 422, 427 (9th Cir. 2000).

Judge Cavan found, based on Mr. Reed's admissions at the hearing, that he

violated three conditions of supervised release: the standard condition that he

follow the instructions of his probation officer (Stand. Cond. 13); the standard

condition that he live in a place approved by the probation officer and notify the

probation officer within 72 hours of becoming aware of an expected change in

living situation (Stand. Cond. 5); and the standard condition that he report to his

probation officer as instructed (Stand. Cond. 2).  (Doc. 55 at 5.)

Judge Cavan recommends that this Court revoke Mr. Reed's supervised

release and sentence him to a custodial sentence of three (3) months imprisonment,

followed by a 33-month term of supervised release.  (*Id.* at 6.)  Judge Cavan also

recommends that this Court dismiss violations 4, 5, and 6 of the Petition.  (*Id.* at 5.)

Finally, Judge Cavan recommends that this Court impose the mandatory and

standard conditions previously imposed by the Court, as well as the following

special conditions:

1. You must not engage in any gambling or wagering activity of any
   kind, whether online, over the telephone, or in person, and must
   not enter any casino or other place of business where gambling is
   the primary service offered.

2. You must participate in an outpatient program for mental health
   treatment as approved by the probation officer. You must remain
   in the program until you are released by the probation officer in
   consultation with the treatment provider. You must pay part or all
   of the costs of this treatment as directed by the probation officer.

3. You must submit your person, residence, place of employment,
   vehicles, and papers, to a search, with or without a warrant by any
   probation officer based on reasonable suspicion of contraband or
   evidence in violation of a condition of release. Failure to submit to
   search may be grounds for revocation. You must warn any other

occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

4. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

5. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

6. You must participate in and successfully complete an outpatient program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

7. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

8. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

9. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

10. You must utilize one primary physician and one pharmacy to prescribe, dispense, and monitor all necessary prescription medication. If you have a valid prescription, you must follow the instructions on the prescription. You must notify any treating

physician or facility of a history of substance abuse. You must allow third-party disclosure to any treating physician or facility regarding any history of substance abuse.

11. You must comply with all child support obligations and/or pay child support as ordered.

The Court finds no clear error in Judge Cavan's Findings and Recommendations and adopts them in full.

Accordingly, IT IS ORDERED that Judge Cavan's Findings and Recommendations (Doc. 55) is ADOPTED in full.

Mr. Reed shall be sentenced in conformity with Judge Cavan's recommendation in the judgment filed concurrently with this Order.

DATED this 17th day of April, 2024.

Dana L. Christensen, District Judge
United States District Court